# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:06-CR-104 |
| | § | |
| JOSHUA ALLEN | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 9, 2011, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Joshua Allen. The government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by court-appointed federal defender Wayne Dickey.

Defendant originally pled guilty to the offense of Possession of Material Involving the Sexual Exploitation of Minors, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 30 and a criminal history category of I, was 97 to 120 months. On June 21, 2007, District Judge Leonard Davis sentenced Defendant to 48 months imprisonment and 3 years supervised release subject to the standard conditions of release, plus special conditions to include sex offender registration; sex offender treatment; no unsupervised contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer; financial disclosure, etc. On April 9, 2010, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from associating with persons convicted of a felony unless granted permission by the probation officer and

possessing or viewing any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2). In addition, Defendant was required to truthfully answer all inquiries by the probation officer, disclose all on-line account information to the U.S. Probation Office, and provide, if requested, a list of all telephone, cable or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor Defendant's computer usage. In its petition, the government alleges that Defendant violated his term of supervised release by (1) lying to the probation officer concerning his possession of a cellular phone with internet access; (2) lying to the probation officer about viewing pornographic images; (3) associating with convicted felons; (4) possessing a cellular phone with active internet service and using it to view pornography; (5) and viewing pornographic movies and visiting pornographic websites.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by being untruthful with the probation officer concerning the possession of a cellular phone with internet access; being untruthful about viewing pornographic images; associating with convicted felons; possessing a cellular phone with active internet service and concealing it from the probation officer; or viewing pornographic movies and viewing pornography on his cellular phone, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). The Court may then revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the government's petition. In exchange, the government

agreed to recommend that Defendant serve 3 months imprisonment with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Joshua Allen be committed to the custody of the Bureau of Prisons for a term of imprisonment of 3 months, with no supervised release to follow.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 19th day of December, 2011.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE